NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURENDER KUMAR, | No. 14-71100 |
| Petitioner, | Agency No. A088-129-637 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2016**

Before:    REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Surender Kumar, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").   We have

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding police visits, whether Kumar's father beat his brother, and when Kumar sold his shop. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances). Kumar's contention that the IJ misstated his testimony with regard to the number of times police visited his house is belied by the record. In the absence of credible testimony, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Kumar's CAT claim because it was based on the same evidence found not credible, and he does not point to any other evidence that compels the finding that it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DENIED.**

14-71100